UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE PROSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV2117 JAR |
| ) | |
| DR. GOVINARARAJULU NAGALDINNE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Valitas Health Services Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 164). This matter is fully briefed and ready for disposition.[1]

**BACKGROUND**

Plaintiff alleges that, while confined at Farmington Correctional Center ("FCC"), he sustained an injury while jogging on an asphalt track. (Third Amended Complaint ("Complaint" or "Compl."), ECF No. 157, ¶19). As a result of this injury, Plaintiff alleges that he suffered severed pain and developed "drop foot" or "foot drop." (Id.). Plaintiff claims that the failure to evaluate, diagnose and treat the underlying cause of foot drop resulted in his permanent disability. (Id., ¶¶20, 87). Plaintiff brings this lawsuit for damages pursuant to 42 U.S.C. §1983 and claims that Defendants' actions constituted deliberate indifference to Plaintiff's serious medical needs and was a violation of the Eighth Amendments to the United States Constitution (Counts I, III, V, VI, IX, XI, XVII). Plaintiff also alleges common law claims for medical negligence (Counts II, IV, VIII, XVI, XVIII), negligence (Count X), tacit authorization (Counts XIII, XIV, XV), and retaliation (Count

---

[1] Defendant Valitas Health Services Inc. ("Valitas") has not filed a reply in support of its Motion to Dismiss but the time for filing a reply has expired. See E.D.Mo. L.R. 4.01(C).

VII, XII). As relevant to the instant Motion, Plaintiff alleges claims against Valitas for medical negligence and deliberate indifference to Plaintiff's serious medical needs (Counts XVI, XVII).

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

To state a § 1983 claim against a particular defendant, a plaintiff must make an adequate showing of "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." Cox v. Sugg, 484 F.3d 1062, 1066 (8th Cir. 2007)(citing Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001)). Here, Plaintiff alleges that Valitas violated his Eighth Amendment right through its deliberate

indifference to his serious medical need. See Christian v. Wagner, 623 F.3d 608, 612 (8th Cir. 2010)("the Eighth Amendment imposes duties on prison officials to ensure that prisoners convicted of crimes receive adequate medical care"). To establish deliberate indifference to a serious medical need, a plaintiff "must demonstrate that 'he suffered objectively serious medical needs, and the officials actually knew of but deliberately disregarded those needs.'" Webb v. Hedrick, 409 Fed. Appx. 33, 34 (8th Cir. 2010)(quoting Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006)). Prisoners may prove deliberate indifference by showing that the total deprivation of medical care resulted in "pain and suffering." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010)(quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). A total deprivation of care, however, is not a necessary condition for finding a constitutional violation. Langford, 614 F.3d at 460. Rather, grossly incompetent or inadequate care can also constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment. Id. (citing Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990)). "To state a claim based on 'inadequate medical treatment . . . [t]he plaintiff must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" Id. (quoting Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)).

Valitas asserts that Plaintiff has not alleged facts supporting a claim against it because Plaintiff's claim is based upon respondeat superior liability. Valitas claims that the allegations against it relate only to its status as the parent corporation of Defendant Corizon, Inc. f/k/a Correctional Medical Services ("Corizon"). (Defendant Valitas Health Services Inc.'s Memorandum in Support of its Motion to Dismiss Plaintiff's Third Amended Complaint ("Memorandum"), ECF No. 165, pp. 1, 5-8). Plaintiff alleges that Corizon "held itself out as a professional health care provider with specialized expertise in providing medical care in correctional facilities, and was under contract to provide medical services to inmates of the [Missouri Department

of Corrections "MDOC"], including Mr. Prosser." (Compl., ¶2). In turn, Plaintiff alleges the Valitas "was at all times pertinent hereto the parent corporation of CMS which, through its subsidiary and affiliate CMS, exerted substantial control and engaged in, among other things, the provision of heath care services to inmates in the MDOC, including Mr. Prosser." (Compl., ¶3).

In its Motion, Valitas asserts that although Plaintiff alleges that Valitas "contributed to cause the injuries and damages" sustained by Plaintiff, he fails to allege any specific allegations against Valitas. (Memorandum, p. 5). Valitas then notes the general rule that a parent company is not liable for the torts of its subsidiaries. (Memorandum, p. 6 (citing United States v. Bestfoods, 524 U.S. 51, 62-63 (1998)). Valitas also provides a detailed analysis of why the Court should not pierce the corporate veil to make Valitas liable for Corizon's actions. (Memorandum, pp. 6-8).

In response, Plaintiff cites to several instances where he alleges that Valitas directly was negligent or violated Plaintiff's constitutional rights. (Plaintiff's Response to Defendant Valitas Health Services, Inc.'s Motion to Dismiss ("Response"), ECF No. 167, pp. 3-5).[2] With respect to his medical negligence claim, Plaintiff alleges that Valitas

> directly through its practices, procedures and policies failed to use such care as a reasonably prudent health care provider would use under the same or similar circumstances in observing, diagnosing, monitoring, caring for and approving treatment or additional testing for Plaintiff and was thereby negligent in that, among other things, Defendant's practices, policies and procedures: allowed administrative personnel to contradict treatments prescribed by treating physicians; fostered an environment wherein an on-site treating physician's authority to override administrative decisions was non-existent or unclear; unnecessarily delayed treatment and provision of medication by, among other things, requiring administrative approval and failing to keep sufficient supplies on hand to meet

---

[2]Plaintiff also states that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is inappropriate because Valitas has answered the allegations against it. (Response, pp. 1-2). Plaintiff nonetheless acknowledges that the Court could consider Plaintiff's Motion as a motion for judgment on the pleadings under Fed.R.Civ.P. 12©, particularly given that the standard of review for the two motions is the same. (Id., p. 2). The Court, however, does not address this procedural issue because Valitas's Motion fails in any event.

- 4 -

patient needs; and emphasized cost savings and corporate profits over the medical well being of patients.

(Compl., ¶197). Similarly, and with respect to his deliberate indifference claim, Plaintiff alleges that "[t]he policies, procedures, customs and official actions of Defendants CMS and Valitas Health resulted in violations of Plaintiff's rights under the Eighth Amendment" and that such "policies, procedures, customs and official actions of Defendants CMS and Valitas Health proximately caused or contributed to cause the injuries and damages set forth herein." (Compl., ¶¶204-05).

The Court finds that, at this stage of litigation, Plaintiff sufficiently alleges causes of action against Valitas. Contrary to Valitas's characterization of his Complaint, Plaintiff does not allege Valitas's liability solely based upon a theory of respondeat superior. The Court accepts Plaintiff's allegations as true and assumes, for purposes of this motion, that Valitas's policies, procedures, customs, and official actions directly caused or contributed to Plaintiff's injuries. See Coons, 410 F.3d at 1039. Therefore, the Court determines that Plaintiff alleges sufficient facts to state a claim against Valitas for medical negligence and for deliberate indifference to Plaintiff's serious medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Valitas Health Services Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 164) is **DENIED**.

Dated this 30th day of November, 2011.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE