UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. PROSSER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:09CV2117 JAR |
| GOVINDARAJULU NAGALDINNE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion, and Supporting Memorandum, to Reconsider and Amend Order Regarding Summary Judgment ("Motion for Reconsideration"), ECF No. 250, filed January 22, 2013.  The Motion for Reconsideration identified some claims that were not addressed by the Court's January 18, 2013 Order, granting summary judgment to all of the defendants except for Dr. Nagaldinne on Plaintiff's §1983 deliberate indifference claim. The Court ordered expedited briefing on the Motion for Reconsideration.  The Court hereby amends its January 18, 2013 Order and grants, in part, and denies, in part, Plaintiff's Motion for Reconsideration.

**I.    STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION**

Plaintiff brings this motion for reconsideration pursuant to Fed.R.Civ.P. 54(b) and Fed.R.Civ.P. 60(b).  Rule 54(b) provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  "It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." Jones v. Casey's General Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (citation omitted). A motion to reconsider under Rule 54(b), however, may not "serve as a vehicle

to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." Grozdanich v. Leisure Hills Health Ctr., Inc., 48 F. Supp. 2d 885, 888 (D. Minn. 1999)(citation omitted); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).  In turn, Rule 60(b) motions may only be used to reconsider a final order on certain enumerated grounds such as "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief."  A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." De Wit v. Firstar Corp., 904 F.Supp. 1476, 1496 (N.D. Iowa 1995) (quoting United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 119 (8th Cir.1995)).

**II.    DISCUSSION**

    **A.    Medical Negligence Claims**

        1.    Against Dr. Nagaldinne

As part of its January 18, 2013 Order, the Court granted summary judgment to Defendant Nagaldinne on Count II because Dr. Nitzkin was not a "legally qualified health care provider," as required under R.S. Mo. §538.225.  In the Motion for Reconsideration, Plaintiff points out that "[d]ismissal without prejudice is the only sanction available under [§ 538.225] for failure to comply with the affidavit requirement.". Keys v. Nigro, 913 S.W.2d 947, 950 (Mo. Ct. App. 1996)(citing Korman v. Lefholz, 890 S.W.2d 771, 773 (Mo. App. 1995)).  The Court hereby amends its January 18, 2013 Order and dismisses Count II without prejudice.

        2.    Against the CMS Defendants

In Counts IV, VIII, XVI, XVIII, Plaintiff alleges that Drs. Hendricks, Conley, Rayford, and CMS were medically negligent in their treatment of Plaintiff. The Court held (and still holds) that Plaintiff's medical negligence claims against the CMS defendants fail because Dr. Nitzkin is not a "legally qualified health care provider," as required under the statute. See §538.225.1-2, R.S. Mo. Plaintiff argues in his Motion for Reconsideration, that the CMS defendants are not entitled to judgment on Plaintiff's medical negligence claims because the CMS defendants did not argue that Dr. Nitzkin is not a "legally qualified health care provider" under the Missouri statute--only Dr. Nagaldinne made this argument. The Court finds this argument unpersuasive.

First, the Court does not believe that its holding under Mo. Rev. Stat. §538.225 can be restricted to Dr. Nagaldinne, particularly where Plaintiff failed to dispute that his expert is not a legally qualified health care provider and is not qualified to provide the requisite affidavit to support a medical negligence claim. In none of Plaintiff's pleadings did he argue that Dr. Nitzkin is a legally qualified health care provider under the statute (see, e.g., ECF No. 220), nor could he. And, under Eighth Circuit precedent, medical malpractice claims fail where a plaintiff fails to timely submit an affidavit based upon the opinion of a legally qualified heath care provider, certifying the merits of his case. Keating v. Smith, No. No. 12-1649, 2012 U.S. App. LEXIS 23513, at *2 (8th Cir. Nov. 16, 2012)(citing Mo. Rev. Stat. § 538.225)). The statute is imperative that "[i]n any action against a health care provider for damages ... the plaintiff's attorney **shall** file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition." Mo.Rev.Stat. §538.225.1 (emphasis added). Plaintiff has failed to file such an affidavit by a legally

qualified health care provider and, therefore, Plaintiff's medical negligence claim fails as to all defendants.

Second, the Court notes that although the CMS defendants did not assert an argument under Mo. Rev. Stat. §538.225, they made a similar argument under Daubert that Dr. Nitzkin was not qualified to render an expert medical opinion in this case. (ECF No. 212). The CMS Defendants' Daubert motion was incorporated into their Motion for Summary Judgment. (ECF No. 210, p. 13).

Finally, in Count XVI, Plaintiff alleges that CMS, through its health care providers, failed to provide such care as a reasonably prudent health care provider would provide. In addition, Plaintiff contends that CMS failed to used such care as a reasonably prudent health care provider would use based upon its practices, policies and procedures. Plaintiff's claim fails initially because Plaintiff has not provide an affidavit from a legally qualified health care provider. Moreover, the Court finds that CMS cannot be held liable for medical negligence because no claim of medical negligence against CMS employees or its agents survives. See Caballero v. Stafford, 202 S.W.3d 683, 694 (Mo. Ct. App. 2006) (citation omitted)("[R]espondeat superior imposes vicarious liability on employers for the negligent acts or omissions of employees or agents as long as the acts or omissions are committed within the scope of the employment or agency."). CMS cannot be liable where the underlying acts of its agents were not deemed actionable.

The Court hereby amends its January 18, 2013 Order and dismisses Plaintiff's medical negligence claims against Drs. Rayford, Hendricks, Conley, and CMS (Counts IV, VIII, XVI, XVIII) without prejudice. Keys, 913 S.W.2d at 950 (citing Korman, 890 S.W.2d at 773).

### B.     Deliberate Indifference Claim against Defendant Cella

Plaintiff alleges that Defendant Cella was deliberately indifferent to his serious medical needs. (Third Amended Complaint, ECF No. 157, ¶¶122-129). Specifically, Plaintiff contends that Defendant Cella failed to provide adequate, prescribed auxiliary aids on the basis of cost and

- 4 -

intentionally interfered with the administration of prescribed pain medications related to Plaintiff's back and spine injury, foot drop and severe pain. (Id., ¶125).

The CMS defendants did not address Plaintiff's §1983 claim for deliberate indifference against Cella in their Memorandum in Support of their Motion for Summary Judgment. (ECF No. 210, pp. 5-10). Defendants only discussed Cella regarding Plaintiff's retaliation claim. (ECF No. 210, pp. 14-15).

In the Defendants' Response to Plaintiff's Motion to Reconsider and Amend the Order Granting Summary Judgment ("Defendants' Response to Plaintiff's Motion to Reconsider"), the CMS defendants contend that there is no evidence in the record that Cella contacted Mid Missouri Orthotics and Prosthetics ("MMOP") or cancelled any shoe order to provide him with cheaper shoes. (ECF No. 253, p. 7). The CMS defendants conclude that there is no evidence before the Court that Cella, in her capacity as an administrator, conducted herself in a manner that would give rise to an Eighth Amendment claim for deliberate indifference to a serious medical need. (Id.). Specifically, Defendants argue that Plaintiff's allegations against Cella are limited to Plaintiff's request for orthopedic shoes (ECF No. 253, p. 7 (citing Third Amended Complaint, ¶58)).[1] In Paragraph 58 of the Third Amended Complaint, Plaintiff alleges that "Defendant Lois Cella, the CMS nurse supervisors at the FCC, subsequently cancelled a set of orthopedic shoes ordered after Dr. Mace's evaluation and further instructed [MMOP] to attempt to modify the cheap, inadequate shoes, previously provided to Mr. Prosser. Ms. Cella's cancellation in contradiction to the directions of a treating physician caused Mr. Prosser to continue to wear inadequate, defective and damaged shoes, which further exasperated his medical condition." The CMS defendants note that Plaintiff received

---

[1] In his Reply, Plaintiff maintains that his deliberate indifference claim against Cella relates not only to the denial of auxiliary aids but also for interference with prescribed pain medication. (ECF No. 254, p. 8 (citing Third Amended Complaint, ¶125)).

significant orthopedic care and that it was Dr. Conley, not defendant Cella, who denied a request for specialty shoes. (ECF No. 253, p. 8).

This argument, however, should have been made at the time of summary judgment and cannot be made for the first time on a motion for reconsideration. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934-35 (8th Cir. 2006) ("This court has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment."); see also United States Xpress Enters. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)). Defendant Cella did not provide any basis for granting judgment in her favor on the deliberate indifference claim in the Motion for Summary Judgment and memorandum in support. Likewise, Plaintiff was not provided an opportunity to rebut Cella's arguments regarding Plaintiff's deliberate indifference claim. Because the Cella did not raise this issue prior to the district court's January 18, 2013 Order, Cella cannot use the response to the motion for reconsideration to argue issues not previously raised. Leonard, 553 F.3d at 620; Ray E. Friedman & Co. v. Jenkins, 824 F.2d 657, 660 (8th Cir. 1987). Therefore, the Court hereby amends its January 18, 2013 Order and denies summary judgment to Defendant Cella on the deliberate indifference claim in Count VI.[2]

---

[2]The denial of summary judgment as to Defendant Cella does not affect the Court's determination that Defendants Lombardi, Griffin and Bailey cannot be held liable for tacit authorization. Plaintiff never complained about the purported deliberate indifference of defendant Cella to Defendants Lombardi, Griffin and Bailey. See ECF No. 204-18, *passim*. Because they were not on notice regarding Cella's allegedly unconstitutional deliberate indifference to Plaintiff's serious medical needs, Defendants Lombardi, Griffin and Bailey could not have tacitly authorized such conduct as a matter of law. See Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (supervisory liability under § 1983 may attach if supervisor received notice of pattern of unconstitutional acts committed by subordinates, demonstrated deliberate indifference to or gave tacit authorization of unconstitutional acts, and failed to take sufficient remedial action, and also if injury resulted); Roby v. McCoy, 316 Fed. Appx. 527, 529 (8th Cir. 2009)(tacit authorization claim under §1983 fails where the "record was insufficient to establish McCoy knew of and was deliberately indifferent to a pattern

### C. Negligence Claim Against Conley and CMS

In Count X, Plaintiff brought an alternative claim against Dr. Conley and CMS in Count X. (Third Amended Complaint, ¶¶151-55). Plaintiff brought this claim in the event that Defendant Conley argued that her role was administrative only and, therefore, she and her employer were not subject to claims of medical negligence. (Motion for Reconsideration, p. 4, n.3). This claim was not addressed in the CMS Defendants' Memorandum in Support of their Motion for Summary Judgment. In Defendants' Response to Plaintiff's Motion to Reconsider, Defendants argue that no dispute of material fact exists to support Plaintiff's alternative negligence claim. (ECF No. 253, pp. 8-10).

As with Defendant Cella's claim, this argument should have been made at the time of summary judgment and cannot be made for the first time on a motion for reconsideration. See Metro. St. Louis Sewer Dist., 440 F.3d at 934-35; United States Xpress Enters., 320 F.3d at 815. The CMS defendants did not provided any basis for granting judgment in their favor in their Motion for Summary Judgment and memorandum in support, and Plaintiff was not afforded an opportunity to oppose such an argument. Because the CMS defendants did not raise this issue prior to the district court's January 18, 2013 Order, the CMS defendants cannot use their response to Plaintiff's motion for reconsideration to obtain summary judgment on Plaintiff's negligence claim against Conley and CMS. Leonard, 553 F.3d at 620; Ray E. Friedman & Co., 824 F.2d at 660. Therefore, the Court denies summary judgment to Conley and CMS on Count X.

Accordingly,

---

of unconstitutional acts by his subordinates"). Thus, absent notice of Defendant Cella's allegedly unconstitutional behavior, Plaintiff's tacit authorization claims against Lombardi, Griffin and Bailey fail as a matter of law.

**IT IS HEREBY ORDERED** that Defendant Govindarajulu Nagaldinne, MD's Motion to Exclude the Testimony of Plaintiff's Expert Dr. Joel Nitzkin [199] and Defendants' Daubert Motion to Exclude Plaintiff's Expert Dr. Joel Nitzkin [212] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Report and Opinions of Dr. Richard Lehman [205] is **DENIED**, in part, and **GRANTED**, in part.

**IT IS FURTHER ORDERED** that Defendant Govindarajulu Nagaldinne, MD's Motion for Summary Judgment [200] is **DENIED**.  The Court denies summary judgment on Count I.  The Court dismisses Count II without prejudice.

**IT IS FURTHER ORDERED** that Defendants George Lombardi, Melody Griffin, and Gale Bailey's Motion for Summary Judgment [203] is **GRANTED**.  The Court grants summary judgment on Counts XIII, XIV, XV.

**IT IS FURTHER ORDERED** that Defendants Corizon, Inc. f/k/a Correctional Medical Services, Inc., Dr. Michael Sands, Dr. Elizabeth Conley, Dr. Cleveland Rayford, Dr. Beverly Morrison, Dr. Laurain Hendricks, and Lois Cella's Motion for Summary Judgment [208] is **GRANTED**, in part, and **DENIED**, in part.  The Court grants summary judgment on Counts III, V, VII, XI, XII, XIII, XIV, XV, and XVII.  The Court denies summary judgment on Count VI and X.  The Court dismisses Counts IV, VIII, XVI, and XVIII without prejudice.

**IT IS FINALLY ORDERED** that Motion, and Supporting Memorandum, to Reconsider and Amend Order Regarding Summary Judgment is **GRANTED**, in part, and **DENIED**, in part.

Dated this   25th    day of January, 2013.

UNITED STATES DISTRICT JUDGE